# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **KIRK V. MAXWELL,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 2:16-cv-08015-VEH** |
| | ) | **(2:12-cr-00210-VEH-JHE)** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |

---

## MEMORANDUM OPINION

Petitioner, Kirk V. Maxwell, has filed a motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. 2255. (Doc. 1).[1] An evidentiary hearing is not needed, nor is a response needed by the Government.[2] Having fully considered all

---

[1] Although the Motion was filed as docket entry 52 in the associated criminal case, 2:12-cr-00210-VEH-JHE, and was entitled "In Re: Case No. 2:12-CR-00210(VEH)" and purports to invoke FED.R.CIV.P. 44 and the "Judicature Act of 1873", it seeks Petitioner's release from custody. (Doc. 1). Accordingly, the undersigned directed that it be docketed as a Motion To Vacate Under 28 USC § 2255. (Docket entry dated 3/16/2016 in 2:12-cr-00210-VEH-JHE). When it was redocketed as instructed in that criminal case, it was assigned docket entry 54. Thus, docket entry 52 in the criminal case is hereby **TERMED** as **MOOT** in light of docket entry 54 in that case.

[2] Although the court entered an Order for the Government to show cause why the Motion should not be granted (doc. 2), no such response is needed in light of the

relevant pleadings in this case, and in the related criminal case (*United States v. Kirk V. Maxwell,* 2:12-cr-00210-VEH-JHE), the undersigned finds that Petitioner's 2255 motion is due to be dismissed as time-barred pursuant to 28 U.S.C. 2255(f)(1).

## I. PROCEDURAL HISTORY[3]

On April 6, 2012, a grand jury sitting in the Northern District of Alabama returned a two-count indictment against Petitioner charging him with two counts of attempted enticement of a child who had not obtained the age of 18 years to engage in sexual activity for which the defendant can be charged with a criminal offense in violation of Title 18, United States Code, Section 2422(b). (Doc. 4) On July 20, 2012, Petitioner plead guilty to Count One only. (Court Entry 7/20/2012). Petitioner filed with the court a signed Guilty Plea Advice of Rights Certification (doc. 34 and a signed Plea Agreement (doc. 35). Pursuant to the Plea Agreement, the Government agreed to move to dismiss Count Two at sentencing. (*Id*.).

On November 1, 2012, the undersigned sentenced Petitioner to a custodial term of 120 months. Following the imposition of sentence, Petitioner did not pursue a direct appeal.

_____

wholly procedural determination of this case based upon the record proceedings in this court. Accordingly, such Order To Show Cause is hereby **VACATED**.

[3]All references to the record in this portion of this Opinion are to the related criminal case, 2:12-cr-00210-VEH-JHE, unless otherwise indicated.

On February 23, 2016, Petitioner filed the motion now pending before the court. Petitioner remains in custody at this time. (Doc. 52).

## II. THE 2255 PETITION[4]

In his Petition, Petitioner asserts various "facts" relating to his status as "a private citizen of the United States of America by natural birth" (*e.g.* doc. 1 at 1), "depriv[ation of] substantive due process rights," (*id*. at 2), and fraud by the United States by "not providing full disclosure of the State-created 'Corporate Sole' in the name of KIRK V. MAXWELL and their deceptive trust practices in creating a 'Constructive Trust' by which to trick, entrap, and deprive private citizen, Kirk-Vincent Maxwell, the natural person, from his unalienable Right to life, liberty and property, including guaranteed entitlements, immunities and protections conferred by the Constitution of the united States of America as a direct result of his natural birth" (*id*.)(emphasis, capitalization, grammar, and spelling in original). Petitioner alleges that, as a result, he is "wrongfully and unjustly imprisoned in the FEDERAL BUREAU OF PRISONS" (*id*. at 4)(capitalization in original). For relief, he asks this court to order his release and expunge his records. (*Id*. at 5).

A. STATUTE OF LIMITATIONS APPLICABLE TO PROCEEDINGS UNDER § 2255

---

[4]All references to the record in this portion of this Opinion are to the filings in this §2255 proceeding, unless otherwise indicated.

The Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA")

was enacted on April 24, 1996, and, pertinent to this case, added a new subdivision

to 28 U.S.C. 2255 providing for a one-year period of limitations within which

federal prisoners must file their motions to vacate pursuant to 28 U.S.C. 2255. *Akins*

*v. United States*, 204 F.3d 1086, 1089 (11th Cir.), *cert. denied*, 531 U.S. 971, 121

S.Ct. 410, 148 L.Ed.2d 316 (2000).

> A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. 2255(f).

## B. ANALYSIS

Petitioner makes no argument, and presents no facts, in favor of the court's

application of subsections (2), (3), and (4) of 2255(f). Thus, the timeliness of the

pending motion is calculated under 2255(f)(1) based upon the date on which a petitioner's judgment of conviction became final. In this case, the undersigned entered its Judgment of Conviction on November 1, 2012. (Doc. 43, case no. 2:12-cr-00210-VEH-JHE). Petitioner did not appeal, and therefore his conviction became final on November 15, 2012. FED. R. APP. P. 4(b). *See Akins v. United States*, 204 F.3d 1086. Because the pending petition fails to raise any issue that is not subject to this one-year limitation period, the petition is time-barred.

### III. DENIAL OF CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing 2255 Proceedings, the court finds that a certificate of appealability in this case is not well-founded, and any application for one is due to be denied. 28 U.S.C. foll. 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. 2243(c)(2). Where, as here, a habeas petition is being denied in its entirety on procedural grounds without reaching the merits of an underlying constitutional

claim, "a COA should issue [only] when the prisoner shows ... that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S .Ct. 1595, 1604, 146 L.Ed.2d 542 (2000). Given the applicability of the one-year limitations period in this case, a reasonable jurist could not conclude that this Court is in error for dismissing Petitioner's motion to vacate, nor could a reasonable jurist conclude that Petitioner should be allowed to proceed further with respect to his claims. *Id.*, 529 U.S. at 484, 120 S.Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, Petitioner is not entitled to a certificate of appealability.

## IV. CONCLUSION

The instant Motion is dismissed as time-barred pursuant to 28 U.S.C. 2255(f)(1). Petitioner is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** this the 22nd day of March, 2016.

**VIRGINIA EMERSON HOPKINS**
United States District Judge